UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:   Case No.: 18-13389-BKC-RBR

SUMMIT FINANCIAL CORP.,   Chapter 11

    Debtor.
_____/

**DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD
IN WHICH DEBTOR MAY FILE A PLAN**

> **HEARING REQUESTED ON OR BEFORE JULY 25, 2018**
>
> **Debtor-in-Possession requests a hearing on this Motion (as defined herein) _on or before July 25, 2018_, because of other related pleadings filed and presently requested to be heard on the same date. The Debtor's exclusivity deadline to file a Plan and Disclosure Statement is July 20, 2018. Decision on this Motion is interconnected and related to other pleadings filed contemporaneously therewith.**

Debtor-in-Possession, Summit Financial Corp. (the "Debtor"), by and through its counsel, pursuant to 11 U.S.C. §§ 105 and 1121(d) and Fed. R. Bankr. P. 9006(b), moves for entry of an order extending the exclusivity period within which the Debtor may file a Plan and solicit acceptances to such a Plan (the "Motion"). In support of the Motion, the Debtor states as follows:

**BACKGROUND**

1.    On March 23, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Title 11, Chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No Trustee has been appointed in this case.

2.    The Debtor is family-owned and has operated successfully for over 34 years. It is in the business of providing financing by purchasing and servicing retail installment sales contracts (consumer vehicle loans) primarily originated at first and second-tiered franchised

---

automobile dealerships and select independent used car dealerships located throughout Florida. The Debtor's business is and has been extremely viable for some 34 years, as it occupies a unique space in the auto loan community, carefully making what are commonly known as "sub-prime" loans.

3. The Debtor's primary creditors are Bank of America, N.A., and BMO Harris Bank, N.A. (collectively, "BOA" or the "Banks"). As of the Petition Date, the Debtor owed the Banks **$101,382,098.00**. However, as of June 13, 2018, following significant adequate protection payments made by the Debtor, the total secured indebtedness reduced to **$95,919,458.71**.[1]

4. Through a series of Agreed Interim Cash Collateral Orders [ECF ## 36, 70, 111 and 125], the Banks received adequate protection payments in the total amount of **$7,826,551.44** *(as of June 13, 2018)*, in just over three (3) months.

5. Moreover, pursuant to the *Order Granting Debtor-In-Possession's Emergency Motion for Authority To Pay Pre-Petition Claims of Critical Vendors* [ECF # 40], which was entered on April 3, 2018, additional creditors have received payments in satisfaction of their claims.

6. The Debtor is actively engaged in a sustained and aggressive effort to secure re-financing/take-out financing for BOA's indebtedness, to replace the Banks. In the past few weeks the Debtor has been involved in in-depth discussions with several promising prospects for such financing, which have included several site visits and advance discussions concerning terms and conditions. In addition, the Debtor is also exploring other alternatives should the refinancing/take-out financing effort not succeed.

7. Contemporaneously with the filing of this Motion, the Debtor has filed its Application to Employ Marcum LLP to assist the Debtor with the preparation of financial audit

---

[1] The loan balance would have been even lower, but for the significant interest and fees charged (**$2,133,347.99**), in addition to the adequate protection payments made against the principal balance.

and tax returns, which would be necessary for the final due diligence of the financing effort. In the event the Court approves said retention, it would take additional time for the audit and tax returns to be completed.

8. The Debtor intends to propose a plan of reorganization that includes both the refinancing option and the other alternatives to refinancing, and in fact, is actively engaged in discussions with both the Banks and the Committee of Unsecured Creditors to explore agreeable alternatives to refinancing, including a consensual plan of reorganization.

9. Also, contemporaneous with filing of this Motion, the Debtor filed the *Debtor's Supplement To (A) Motion for Order Authorizing Us Of Cash Collateral [ECF # 8], and (B) Response to Objection of Bank of America, N.A., To Debtor's Motion for Order Authorizing Use of Cash Collateral* [ECF # 132]*,* seeking expanded use of cash collateral (without diminishing, but adequately protecting, the Banks' interest in their collateral). The Debtor's proposed budget in connection therewith can form a cornerstone of the post-confirmation projections and a hopefully consensual plan of reorganization. The Debtor's discussions with the Banks and the Committee remain ongoing.

10. As such, the Debtor intends on filing a plan of reorganization and disclosure statement as soon as practicable.

11. In the meantime, however, pursuant to 11 U.S.C. § 1121(c)(2), the exclusive period within which the Debtor may file a plan of reorganization expires on July 20, 2018, and the exclusive solicitation period, pursuant to 11 U.S.C. § 1121(c)(3), expires on September 19, 2018.

**Relief Requested**

12. The Debtor respectfully requests an extension of the exclusive plan filing and solicitation periods by ninety (90) days.

13. The Debtor submits that it has a more than reasonable prospect for filing a viable plan of reorganization because it intends for the plan to provide third party

refinancing/take-out financing and/or alternatives that will address the obligations to secured and unsecured creditors as permitted by the Bankruptcy Code. As stated previously, the Debtor has been actively exploring such financing alternatives and continues to make substantial progress on that front. Even more so, the Debtor seeks to negotiate with creditors alternatives to financing that would be acceptable to all constituencies of the plan.

14. This request is made in order to ensure the Debtor is able to continue its in-depth and advanced discussions with the various financing parties, that additional due diligence can take place, and to have sufficient time to obtain binding commitment letters without the threat of competing plans of reorganization being filed that may not maximize value. In addition, time is necessary to formulate alternatives to the financing option.

15. Pursuant to 11 U.S.C. § 1121(d)(1) and Fed. R. Bankr. P. 9006(b), on request of a party in interest, including the Debtor, the Court may extend, for cause, the exclusive filing and solicitation periods, subject to the limitations set forth in 11 U.S.C. § 1121(d)(2). Although what qualifies as "cause" for an extension of the exclusivity period is not defined in the Bankruptcy Code, courts have looked to the legislative history of 11 U.S.C. § 1121(d)(1) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

16. Numerous courts emphasize that Congress intended the exclusive filing periods to be of adequate length for the debtor to formulate, negotiate, and draft a consensual plan without the dislocation or disruption to the business that would occur if competing plans were filed. *See, e.g., In re Dow Corning Corp.*, 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). In light of the complicated relationship between the Debtor and the Banks, it would be disruptive and counter-productive to the prospects for a successful reorganization for third parties, such as the Banks, to file competing plans that emphasize their own self-interest in derogation of rights of all of the

legitimate constituencies of this case.

17. Courts typically employ a "totality of the circumstances" test and consider the following nine (9) non-exclusive factors when determining cause to extend the exclusivity and solicitation periods:

　　a. The size and complexity of the case;

　　b. The necessity for sufficient time to permit the Debtor to negotiate a plan of reorganization and prepare adequate information;

　　c. The existence of good faith progress toward reorganization;

　　d. The fact that the Debtor is paying its bills as they become due;

　　e. Whether the Debtor has demonstrated reasonable prospects for filing a viable plan;

　　f. Whether the Debtor has made progress in negotiations with creditors;

　　g. The amount of time which has elapsed in the case;

　　h. Whether the Debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the Debtor's reorganization demands; and

　　i. Whether an unresolved contingency exists.

*In re Adelphia Communications Corp.*, 352 B.R. 578 (Bankr. S.D.N.Y. 2006); *In re Express One Int'l Inc.*, 194 B.R. at 100.

18. In this case, ample "cause" exists for extending the exclusivity and solicitation periods, such as:

　　a. This case involves a portfolio of over 10,000 sub-prime auto loans, a unique asset that requires specific knowledge of the sub-prime auto loan space to fully maximize its value. It further includes a significantly over-secure indebtedness to the Banks. Finding refinancing and/or alternatives that would satisfy both the Committee and the Bank's demands requires delicate and careful negotiations with various third parties, and the full attention of the Debtor without the

    distraction of addressing competing plans, including the otherwise unnecessary expense that the estate will incur in so doing.

    b. Reasonable, additional time is necessary to prepare and negotiate a plan of reorganization and prepare adequate information given the need to value the collateral, permit parties to conduct proper due diligence and provide them with all necessary audits and tax returns upon their completion, negotiate with financing parties, and otherwise formulate alternatives that would be palatable to the creditor body.

    c. There exists good faith progress toward reorganization as shown by the four interim cash collateral orders that have been entered, and the significant adequate protection payments to the Bank during the case (over $*7,826,551.44)*.

    d. The Debtor is paying its bills as they become due.

    e. The Debtor has demonstrated reasonable prospects for filing a viable plan through its efforts toward financing.

    f. The Debtor has continued its progress in negotiations with its creditors.

    g. This case has only been pending for approximately three months.

    h. The Debtor is not seeking an extension of exclusivity in order to pressure creditors to submit to the Debtor's reorganization demands.  Rather, the Debtor feels that it would lead to an efficient and smooth plan confirmation process.

19.    Accordingly, the Debtor files this motion not for purposes of delay, but only to preserve its rights under 11 U.S.C. § 1121 *et seq.*

20.    Therefore, the Debtor submits that cause exists for extending the exclusive filing and solicitation periods under 11 U.S.C. §§ 1121(c)(2) and (3) by ninety (90) days, and that such extension(s) of time is in the best interests of the Debtor's estate and creditors.

WHEREFORE, the Debtor respectfully requests the Court enter an order (a) granting the Motion; (b) extending the exclusive filing and solicitation periods, up to and including October 18, 2018 and December 18, 2018, respectively; and (c) for such other and further relief as the Court deems just and proper.

Dated: July 10, 2018

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Attorneys for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com
IDO J. ALEXANDER
Florida Bar No. 51892
ija@lsaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 10, 2018, to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
IDO J. ALEXANDER