UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-13389-BKC-RBR

SUMMIT FINANCIAL CORP.,                                   Chapter 11

      Debtor.
_____/

**DEBTOR'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER DENYING DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD IN WHICH DEBTOR MAY FILE A PLAN [ECF NO. 133] AND SUPPLEMENT TO MOTION TO EXTEND EXCLUSIVITY PERIOD IN WHICH DEBTOR MAY FILE A PLAN [ECF NO. 243]**

Debtor-in-Possession, Summit Financial Corp. (the "Debtor"), by counsel, pursuant to Fed. R. Bank. P. 9023 and 9024 and Fed. R. Civ. P. 59 and 60, respectfully requests the Court rehear and/or reconsider its Order Denying Debtor's Motion to Extend Exclusivity Period In Which Debtor May File a Plan [ECF No. 133] and Supplement to Motion to Extend Exclusivity Period In Which Debtor May File a Plan [ECF No. 243] (the "Exclusivity Order")[1] [ECF No. 295], and in support thereof, states as follows:

    1.    On July 10, 2018, the Debtor filed its Motion to Extend Exclusivity Period in Which Debtor May File a Plan [ECF No. 133] (the "Exclusivity Motion"). On November 2, 2018, the Debtor filed a Supplement to the Exclusivity Motion [ECF No. 243] (the "Supplement").

    2.    The Exclusivity Motion contained an analysis of the nine (9) non-exclusive factors that courts typically employ when considering the "totality of the circumstances" test to determine when cause exists to extend the exclusivity and solicitation periods pursuant to 11 U.S.C. § 1121(d).

---

[1] On November 27, 2018, the Court also entered an Order Denying Debtor's Motion to Extend Exclusivity Period in Which Debtor May File Plan [ECF No. 313] (the "Second Exclusivity Order"), which was entered because the Debtor's counsel also submitted such order, believing the Court's instruction was that Debtor's counsel submit this order. Therefore, this Motion shall relate to both the Exclusivity Order and the Second Exclusivity Order, and any reference hereinafter to the Exclusivity Order shall refer to both the Exclusivity Order and the Second Exclusivity Order.

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

3. The hearing on the Exclusivity Motion and the Supplement took place on November 16, 2018 at 10:00 a.m. (the "Hearing").  At the Hearing, the Court considered argument from the Debtor's counsel and counsel for other parties in this case and denied the Exclusivity Motion (and the Supplement).

4. On November 19, 2018, the Court entered the Exclusivity Order, which denied the Exclusivity Motion (and the Supplement).

5. The Debtor respectfully requests that the Court rehear the Exclusivity Motion and Supplement, and/or reconsider the Exclusivity Order, so that the Court can more fully consider the "totality of the circumstances" factors referenced above (and in the Exclusivity Motion) in determining whether cause exists to extend the exclusivity and solicitation periods.  In particular, as the Debtor has already filed a plan (and amended plan), the Debtor respectfully requests that the Court reconsider its denial of the extension of the exclusive solicitation period.

6. This Motion is being filed pursuant to Fed. R. Bank. P. 9023 and 9024, which provide that Fed. R. Civ. P. 59 and 60, respectively, apply in bankruptcy cases.

WHEREFORE, the Debtor respectfully request an entry of an order: (a) rehearing the Exclusivity Motion and the Supplement and/or reconsidering the Exclusivity Order; and (b) granting such other and further relief as the Court deems just and proper.

Dated: December 4, 2018

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Counsel for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com
IDO J. ALEXANDER
Florida Bar No. 51892
ija@lsaslaw.com

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served on December 4, 2018 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

                       By:_____/s/_____
                          Ido J. Alexander

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale